IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV543-1-W
3:07CR246-5-W

| | |
|---|---|
| TORI GERMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed December 28, 2009.

In her Motion to Vacate, Petitioner claims, among other things, that she specifically asked her counsel to file a direct appeal but that her counsel refused to file the requested appeal. That is, Petitioner alleges that her attorney "refused to appeal sentencing" and that her attorney "did not do any appeal as defendant requested." An attorney's failure to file a notice of appeal, when requested by her client to do so, is per se ineffective assistance of counsel. Prejudice to the defendant is presumed irrespective of the merits of the appeal or a waiver of appellate rights. Evitts v. Lucey, 469 U.S. 387, 391-405 (1985); United States v. Poindexter, 492 F.3d 263, 273 (4th Cir. 2007); United States v. Peak, 992 F.2d 39 (4th Cir. 1993). Accordingly, on a showing that counsel was requested to appeal but failed to do so, the prescribed remedy is to vacate the original judgment and enter a new judgment from which an appeal can be taken. Peak, 992 F.2d at 42.

Regardless of how Respondent responds to Petitioner's allegation, at a minimum a factual dispute will exist over whether or not Petitioner requested her counsel to file a direct appeal. Consequently, in accordance with this Court's practices, the Court will vacate the original judgment and direct the Clerk to enter a new judgment from which an appeal can be taken.

**THEREFORE, IT IS HEREBY ORDERED that**:

1. Petitioner's Motion to Vacate is **GRANTED in part**;

2. All of Petitioner's claims except for her ineffective assistance of counsel claim based upon her attorney's failure to file an appeal are **DISMISSED WITHOUT PREJUDICE**;

3. Petitioner's criminal judgment is vacated due to her attorney's failure to file a direct appeal;

4. The Clerk is directed to prepare a new criminal judgment with the same sentence and conditions; and

5. The Clerk is directed to file a notice of appeal on Petitioner's behalf.

Signed: January 4, 2010

Frank D. Whitney
United States District Judge